FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 OCT -2 PM 2:10
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ELIJAWAN LEYSHATH RHODES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-158 |
| ) | (Formerly CR 111-097) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Federal Correctional Complex in Salters, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

On June 7, 2011, Petitioner pled guilty to one count of dealing in firearms without a license and one count of distribution of marijuana. United States v. Rhodes, CR 111-097, doc. no. 40 (S.D. Ga. June 7, 2011). On September 30, 2011, United States District Judge J. Randal Hall sentenced Petitioner on both counts to a total of 97 months of imprisonment, $200 in special assessments, 5 years of ineligibility for certain federal benefits, a forfeiture amount of $905, and 5 years of supervised release. (Id., doc. no.

50.) Petitioner did not file a direct appeal. (Doc. no. 1.) Thereafter, he filed with the Court the instant motion pursuant to 28 U.S.C. § 2255, signed by him on September 2, 2013, and docketed by the Clerk of the Court on September 5, 2013. (Id.) In his motion, Petitioner seeks a reduction in his sentence because he asserts that the Presentence Investigation Report, adopted by Judge Hall at sentencing, improperly enhanced his sentence five levels based on a finding of "brandishing." (See generally id.) Petitioner contends that the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013),[1] entitles him to file this otherwise untimely petition. (Id.)

## II. DISCUSSION

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] In Alleyne, the jury found that the defendant had used or carried a firearm during and in relation to a crime of violence, but did not indicate a finding that the firearm was brandished, which would have carried with it a longer mandatory minimum sentence. Alleyne, 133 S. Ct. at 2156. The presentence report recommended a sentence which reflected the mandatory minimum sentence for cases in which a firearm had been brandished. Id. The court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2155.

2

28 U.S.C. § 2255(f). Petitioner's judgment and conviction was entered on September 30, 2011, and as no direct appeal was filed, his conviction and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1). Thus, the instant petition, filed almost two years later, is untimely. Petitioner alleges that he qualifies for a later statute of limitations under either § 2255(f)(3) or (4) because his claim relies on Alleyne, decided June 19, 2013. (Doc. no. 1, p. 2.)

Petitioner first argues under § 2255(f)(3) that the statute of limitations for filing a § 2255 petition should run from the date Alleyne was decided because it creates a newly recognized right made retroactively applicable to cases on collateral review. (Id. at 2-4.) However, Alleyne is not retroactively applicable to cases on collateral review. See, e.g., Scott v. United States, CV413-186, 2013 WL 4077546, at *1 (S.D. Ga. Aug. 12, 2013) ("Resolving Alleyne on direct, rather than collateral, review, [the Supreme Court] never said that its new rule applies retroactively on collateral attack."); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) ("Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review.") Therefore, Petitioner is not subject to a later statute of limitations based on § 2255(f)(3).

Petitioner next argues that the statute of limitations should run from the date of the decision of Alleyne under § 2255(f)(4) because the "fact[] supporting the claim presented" is the existence of Alleyne, which could not have been discovered through the exercise of due diligence until Alleyne was decided in June of 2013. However, discovery of a new legal court opinion does not trigger the statute of limitations in § 2255(f)(4). See Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010) (*per curiam*)

3

("Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.") (emphasis in original). Therefore, Petitioner is not subject to a later statute of limitations based on § 2255(f)(4). Accordingly, Petitioner's motion, filed almost two years after the date that his judgment of conviction became final, is untimely under § 2255(f).

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving he is entitled to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

In addition, consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also

Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from filing his petition. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of October, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

5